UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 - 4743

------------------------------------------------------------

CALVIN BURROUGHS
c/o Epstein and Conroy
335 Adams Street, Suite 2703
Brooklyn, New York 11201,

        Plaintiff,

v.

THE CITY OF NEW YORK, OFFICER STEVEN
OWENS, OFFICER JOHN DOE #1, OFFICER
JOHN DOE #2, OFICER JOHN DOE #3,
OFFICER JOHN DOE #4, OFFICER JOHN
DOE #5,

        Defendants.

------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**



WEINSTEIN, J

MANN, M.J.

**SUMMONS ISSUED**

Plaintiff, CALVIN BURROUGHS, by and through his attorneys, **THE LAW OFFICE OF EPSTEIN AND CONROY**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, and award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff CALVIN BURROUGHS (hereinafter "BURROUGHS") was at all material times hereinafter mentioned of full age and was and still is a citizen of the United States residing in the State of New York in the County of Kings

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants OFFICER OWENS (hereinafter "OWENS"), OFFICE JOHN DOE #1 (hereinafter "DOE #1"), OFFICER JOHN DOE #2 (hereinafter "DOE #2"), OFFICER JOHN DOE #3 (hereinafter "DOE #3"), and OFFICER JOHN DOE #4 (hereinafter "DOE #4"),

OFFICER JOHN DOE #5 (hereinafter "DOE #5) are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 and DOE #5 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 and DOE #5 are sued individually.

## STATEMENT OF FACTS

8.  According to official police records, including the Omniform Arrest report, on September 15, 2009, around 6:00 p.m., the arresting officer, OWENS, responded to 441 Linwood Street in Brooklyn, New York, allegedly in response to a call for a dispute involving a firearm. The claim was that the caller reported that the firearm was in the second floor apartment underneath a mattress. OWENS claimed that when he arrived, he saw plaintiff CALVIN BURROUGHS and another man (Antonio Charley) leaving the apartment building. OWENS further claimed that CALVIN BURROUGHS told OWENS that he lived in the apartment on the second floor and gave permission for OWENS to search the apartment. No gun was ever found. However, OWENS claimed he found 29 "twists" of crack cocaine and one plastic bag of marijuana from the bed. Plaintiff BURROUGHS denied owning the drugs. BURROUGHS, was

immediately arrested. The Omniform Arrest Report lists defendant OWENS as the arresting officer.

9. The matter was presented to a grand jury and plaintiff BURROUGHS was indicted on a count of Criminal Possession of a Controlled Substance in the Third Degree; a count of Criminal Possession of a Controlled Substance in the Fourth Degree; a count of Criminal Possession of a Controlled Substance in the Seventh Degree; and a count of Unlawful Possession of Marijuana.

10. Plaintiff CALVIN BURROUGHS avers that at the above-mention time, place and address, he was in a common area of the home. Six uniformed police officers came to the front door. When BURROUGHS answered the knock at the door, DOE #1 asked him if he was CALVIN BURROUGHS and he agreed that he was BURROUGHS. Then, STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 and DOE #5 pushed through door, whereupon they shouted and ordered BURROUGHS and his friend, Antonio Charley, to lay face-down on the ground. BURROUGHS and Charley complied. BURROUGHS and Charley were immediately handcuffed. Defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 and DOE #5 then spread throughout the house and began searching without permission and without a warrant of any kind.

11. Plaintiff CALVIN BURROUGHS further avers that the final officer to enter the home, DOE #5, entered the home carrying an opaque bag, the contents of which he did not reveal. At no time did BURROUGHS give permission for officers to enter or search the home. In addition, at no time did STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5 have a warrant of any kind.

12. Plaintiff CALVIN BURROUGHS further avers that STEVENS, DOE #1, DOE

#2, DOE #3, DOE #4 and DOE #5 continued to keep him on the floor in handcuffs while they illegally searched the home and then took him to a police precinct. At the precinct, defendant STEVENS told BURROUGHS for the first time that the defendant officers allegedly recovered drugs from a second floor room they claimed to belong to BURROUGHS. BURROUGHS denies that the the drugs were present in that location and/or denies knowledge of any drugs that were attributed to him. BURROUGHS further avers that if any drugs were brought into the home, the only people able to do so, and with access to do so, were the Defendant(s)/Officer(s).

13. Additionally, while the defendant officers claim they recovered drugs – BURROUGHS never saw any drugs at the scene.

14. BURROUGHS was required to make multiple court appearances. Finally, on June 23, 2010, in Part 30 of Kings County Supreme Court, Criminal Term, the prosecution dismissed all charges against CALVIN BURROUGHS – nine months after the original arrest and after BURROUGH spent seven days in jail.

15. Plaintiff BURROUGHS never pleaded guilty to any charges.

16. Plaintiff BURROUGHS has never waivered from his original claim of innocence. He avers that any drugs found in the home were placed there by STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5. Thus, the defendant officers necessarily lied and fabricated evidence when filling out official police records implicating BURROUGHS; and the defendant officers lied and fabricated evidence when testifying to the grand jury; and the defendant officers lied and fabricated evidence when assisting the District Attorney's Office for Kings County in the preparation of the case.

### AS AND FOR A FIRST CAUSE OF ACTION
(Malicious prosecution.)

17. Plaintiff BURROUGHS repeats and reiterates the allegations set forth in the

foregoing paragraphs with the same force and effect as though fully state herein.

18.     From the inception of the criminal charges, and continuing throughout the formulation and continuing prosecution of the case, the Defendant(s) falsified official police reports, misstated information to the District Attorneys Office, and testified falsely in the Grand Jury as described above. The defendant officers initiated prosecution against BURROUGHS without probable to believe that it could succeed.

19.     As a result of the use of excessive force, BURROUGHS suffered damages and a violation his rights under the Fourth Amendment to the United States Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fabrication of Evidence.)

20.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

21.     Defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5 fabricated evidence resulting in a restraint on plaintiff BURROUGH'S liberty as described above.

22.     As a result of the fabrication of evidence, plaintiff BURROUGHS suffered a restraint upon his liberty in violation of his constitutional right to a fair trial under the Sixth, Fifth and Fourteenth Amendments to the United States Constitution.

## AS FOR A THIRD CAUSE OF ACTION
(Denial of Fair Right to Trial.)

23.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

24.     By the actions described above, defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5 violated BURROUGHS Sixth Amendment right to a fair trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Liability of Defendant the City of New
York for Constitutional Violation.)

25. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5 had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants STEVENS, DOE #1, DOE #2, DOE #3, DOE #4 or DOE #5 had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. As a result of the foregoing, plaintiff was deprived of his liberty and suffered costs and expenses.

**WHEREFORE**, plaintiff CALVIN BURROUGHS demands the following relief jointly and severally against all of the defendants:

A. Compensatory damages;

B. Punitive damages;

C. The convening and empaneling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this Court may deem appropriate and equitable.

Dated: Sept. 21, 2012
Brooklyn, New York

>Respectfully submitted,
>
>David B. Epstein
>Counsel for the Plaintiff
>
>By: David Epstein, Esq. (DE7819)
>Epstein & Conroy
>335 Adams Street, Suite 2703
>Brooklyn, New York 11201
>Tel (718) 852-6763